IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TRUDY BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-CV-258 |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

COMPLAINT

INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff, Trudy Bryant (hereafter referred to as "Plaintiff" and/or "Ms. Bryant") is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant, Portfolio Recovery Associates, L.L.C., (hereafter referred to as "Defendant and/or "PRA") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a limited liability company organized in Virginia with its principal office located at 120 Corporate Blvd., Suite 100, Norfolk, VA 23502-4962 and maintains Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312, as its registered agent for service of process.

7. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

8. Defendant alleges Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes with GE Capital Retail Bank/Belk, account numbered 6045831513388365, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Within a year prior to the filing of this Complaint, Defendant PRA sent a collection letter dated October 11, 2012 to Ms. Bryant.

10. The October 11, 2012 collection letter from Defendant was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A copy of the October 11, 2012 collection communication is attached hereto as Exhibit A and incorporated herein by reference.

11. The October 11, 2012 collection letter stated (a) that Defendant PRA purchased the account and the original creditor on the account was GE CAPITAL RETAIL BANK/BELK, (b) the last four digits of the Account/Reference No.: 8365 (c) the Plaintiff owed a balance of $938.48

12. The October 11, 2012 collection letter further asserts:

> Portfolio Recovery Associates purchased the account referenced on 09/19/2012. Interest continues to accrue on this account until the account is satisfied. The stated balance includes interest as of the date of this letter. All future payments and correspondence for this account, including credit counseling service payments, should be directed to us.

See attached Exhibit A.

13. The October 11, 2012 collection letter further asserts:

> October 11, 2012                    *Balance: $938.48
> Account/Reference No.:         6045831513388365
> GE CAPITAL RETAIL BANK / BELK
> ORIGINAL CREDITOR:  GE CAPITAL RETAIL BANK

See attached Exhibit A.

14. Thereafter, Ms. Bryant received a subsequent collection letter from Defendant PRA approximately three (3) months later dated January 22, 2013.

15. The January 22, 2013 collection letter from Defendant was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A copy of the January 22, 2013 collection communication is attached hereto as Exhibit B and incorporated herein by reference.

16. The January 22, 2013 collection letter stated (a) that PRA and the current creditor on the account was Defendant PRA (b) the last four digits of the Account/Reference No. were 8365 (c) the Plaintiff owed a balance of $964.70.

17. The January 22, 2013 collection letter further states "Account Selected for Legal

Review" as the document title.

18. The January 22, 2013 collection letter further asserts:

> Your account has been transferred to the Litigation Department. At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account.

See attached Exhibit B.

19. The January 22, 2013 collection letter further asserts:

> If you do no resolve this account and legal action is taken against you, a judgment may ultimately be obtained and our local attorney may take any action that is legally available in your state to collect this debt to enforce any such judgment against you as permitted by state law.

See attached Exhibit B.

20. The January 22, 2013 collection letter further asserts:

> We are not obligated to renew this offer. Interest continues to accrue on this account until the account is satisfied, unless interest has been suspended. The above balance includes interest as of the date of this letter. You may contact us to obtain an exact payoff amount for a future date.

See attached Exhibit B.

21. Thereafter, Ms. Bryant received an additional collection letter from Defendant PRA exactly one (1) month later dated February 22, 2013.

22. The February 22, 2013 collection letter from Defendant was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A copy of the February 22, 2013 collection communication is attached hereto as Exhibit C and incorporated herein by reference.

23. The February 22, 2013 collection letter stated (a) that PRA and the current creditor on the account was Defendant PRA (b) the last four digits of the Account/Reference No. were 8365

(c) the Plaintiff owed a balance of $972.66.

24. The February 22, 2013 collection letter further states "SECOND NOTICE: Account Selected for Legal Review" as the document title.

25. The February 22, 2013 collection letter further asserts:

> Unfortunately, we have not received a response to our recent letter informing you that your account was previously transferred to our Litigation Department. At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account.

See attached Exhibit C.

26. The February 22, 2013 collection letter further asserts:

> If you do no resolve this account and legal action is taken against you, a judgment may ultimately be obtained and our local attorney may take any action that is legally available in your state to collect this debt to enforce any such judgment against you as permitted by state law.

See attached Exhibit B.

27. The February 22, 2013 collection letter further asserts:

> We are not obligated to renew this offer. Interest continues to accrue on this account until the account is satisfied, unless interest has been suspended. The above balance includes interest as of the date of this letter. You may contact us to obtain an exact payoff amount for a future date.

See attached Exhibit B.

## CAUSES OF ACTION
## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

28. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the collection of

amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

29. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $938.48 is demanded in the Defendant's collection letter dated October 11, 2012; then the balance increases to $964.70 pursuant to Defendant's collection letter dated January 22, 2013; then the balance increases to $972.66 pursuant to Defendant's collection letter dated February 22, 2013.

30. A simple understanding of accruing interest shows that the amounts demanded by Defendant is a result of Defendant's efforts to keep Ms. Bryant confused as to the amount owed since they are completely random and accrue incalculable rates of interest that are neither authorized in the agreement creating the debt nor permitted by law.

31. A calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 9.901% based upon an annual percentage rate ("APR") from the October 11, 2012 collection letter demanding $938.48 to the January 22, 2013 collection letter demanding $964.70.

32. Another calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 9.715% based upon an annual percentage rate ("APR") from the January 22, 2013 collection letter demanding $964.70 to the February 22, 2013 collection letter demanding $972.66.

33. Ms. Bryant asserts that her interest rate on her GE Capital Retail Bank/Belk, account ending in 8365 was never 9.901% APR, nor 9.715% APR.

34. By demanding amounts that increase at a rate of interest which is inconsistent with the contractual rate of interest, Defendant has confused Ms. Bryant as to what amount of

money she owes on this account.

35. Ms. Bryant asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount owed on this account, if any.

36. Ms. Bryant asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount of interest applicable to this account, if any.

37. Ms. Bryant further asserts that Defendant is attempting to keep her confused as to the amount owed, so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

38. Defendant's collection letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges may vary from day to day, and therefore even if she were to pay the full amount demanded of her, Defendant may still seek more from her in the future.

39. The collection letters from Defendant assert varying balances owed, and after calculating the time that had passed between the letters and the change in the amount demanded, it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original agreement creating the debt.

40. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

41. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

42. Each letter from Defendant demands a different amount from the Plaintiff.

43. As more fully described in the first cause of action *supra*, a calculation of the time between the Defendant's collection letters and the amounts sought shows that each and every collection effort has accrued a different amount of interest, and none of them applied the contractual rate of interest or an amount permissible by applicable law.

44. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendant has confused Ms. Bryant as to what amount of money is owed on this account.

45. Ms. Bryant is confused as to who is owed and what amount on this account since the Plaintiff has received various collection letters with varying balances and non-contractual interest rates applied.

46. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

47. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT(S) AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant(s) to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 8th day of October, 2013.

TRUDY BRYANT


BY: /s/ Brent Travis Strunk _____
Brent Travis Strunk (BPR 023050)
Attorney for Plaintiff


Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net